

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-17-2008

# Mason Wilson v. John Murtha

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-2243

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Mason Wilson v. John Murtha" (2008). *2008 Decisions.* Paper 81.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/81

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**ALD-33**              **NOT PRECEDENTIAL**

## UNITED STATES COURT OF APPEALS
## FOR THE THIRD CIRCUIT

_____

No. 08-2243

_____

MASON L. WILSON,

Appellant

v.

THE HONORABLE JOHN P. MURTHA; JAMES P. TERRY; MARIBETH CULLY;
GEORGE TARASOVIC; ALTHEA V. JEFFERS.

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 08-00067)
District Judge:  Honorable Kim R. Gibson

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
November 14, 2008
Before: SLOVITER, FUENTES and JORDAN, Circuit Judges

(Opinion filed:  December 17, 2008)

_____

OPINION

_____

PER CURIAM

Mason L. Wilson filed this pro se action in the Western District of Pennsylvania

against Congressman John Patrick Murtha, Jr., several officials within the United States Department of Veterans Affairs ("the VA") and Althea V. Jeffers, an official of the Johnstown Housing Authority, alleging violations of his civil rights under 42 U.S.C. §§ 1983, 1985 and 1986. On March 18, 2008, the District Court denied Wilson's motion for leave to proceed in forma pauperis ("IFP") and dismissed his case without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).[1] For the reasons that follow, we will affirm.

Though far from clear, Wilson ostensibly makes two claims in his complaint, neither of which implicates the civil rights statutes through which he seeks relief. One claim concerns Murtha's and the VA's alleged failure to acquire for Wilson a certified copy of his Board of Veterans' Appeals ("BVA") decision from August 3, 2004. The other claim accuses Jeffers of conspiring with the VA to have Wilson and his family evicted from their residence in Johnstown, Pennsylvania. Along with his complaint, Wilson filed a motion for leave to proceed IFP in the District Court.

In its order denying relief, the District Court apparently denied IFP status because Wilson "fail[ed] to state a claim on which relief maybe be granted" under § 1915(e)(2)(B)(ii). This is problematic insofar as IFP determinations are to be made solely on the basis of indigence, without regard to the potential merit of a complaint. See Deutsch v. United States, 67 F.3d 1080, 1084 n.5 (3d Cir. 1995); Roman v. Jeffes, 904

---

[1] The District Court's decision to dismiss without prejudice does not hinder our exercise of jurisdiction. See Deutsch v. United States, 67 F.3d 1080, 1083 (3d Cir. 1995) (dismissals without prejudice pursuant to § 1915 are appealable).

2

F.2d 192, 194 n.1 (3d Cir. 1990). Furthermore, the District Court could have easily granted IFP status on the same facts that lead this Court to do so for Wilson's appeal.

Regardless, the District Court did not err in finding that Wilson's complaint lacked an arguable basis in law.[2] Indeed, after careful review of the complaint, we are unable to decipher any legitimate violation of federal law or the Constitution. With respect to Wilson's first claim, that Murtha and the VA are somehow inhibiting his receipt of veterans' benefits by withholding a certified copy of his BVA decision, excerpts from his own complaint indicate otherwise. Wilson states that he needs the BVA decision to prove the "effective date" for the grant of his armed service connection benefits. However, the letter from regional VA director Charles W. Woolford plainly states that the effective date is September 16, 1992. Furthermore, the excerpt from the BVA decision included in his complaint proves that Wilson already has a copy, or at least has access to a copy of the decision itself. Whether or not the copy is "certified" hardly gives Wilson a right to sue in a federal district court. Second, on the issue of the alleged Jeffers-VA conspiracy to have Wilson and his family evicted from their residence, Wilson's own admission that he is subject to eviction because of his failure to pay rent weighs heavily against any alleged impropriety. It also suggests that this is not the proper forum for resolving Wilson's landlord-tenant issues.

---

[2] Our review of the District Court's dismissal for failure to state a claim is plenary. See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000).

3

We further find that any attempt by the District Court to allow Wilson to amend his complaint would not have helped matters. In general, where an apparently meritless IFP complaint can be remedied by amendment, a district court must permit such an amendment upon request in the absence of undue delay, bad faith, dilatory motive, unfair prejudice, or futility of amendment. Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002). Based on the above discussion of Wilson's claims, we are satisfied that it would have been an exercise in futility for the District Court to have permitted Wilson to amend his complaint. Accordingly, we affirm the District Court's order dismissing the complaint for failure to state a claim. In light of our disposition, Wilson's pending motions are denied.