

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-26-2009

# Mason Wilson v. Maribeth Cully

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-1687

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"Mason Wilson v. Maribeth Cully" (2009). *2009 Decisions.* Paper 1685.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1685

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**BLD-115**                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-1687
_____

MASON L. WILSON,

Appellant

v.

THE HONORABLE JOHN P. MURTHA; JAMES P. TERRY;
MARIBETH CULLY; GEORGE TARASOVIC; ALTHEA V. JEFFERS

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 08-00018)
District Judge:  Honorable Kim R. Gibson

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
February 26, 2009

Before:  McKEE, FISHER and CHAGARES, Circuit Judges

(Filed: March 26, 2009)
_____

OPINION
_____

PER CURIAM

On January 25, 2008, Mason L. Wilson filed this pro se action in the Western

District of Pennsylvania against Congressman John Patrick Murtha, Jr., several officials

within the United States Department of Veterans Affairs ("the VA"), and Althea V. Jeffers, an official of the Johnstown Housing Authority, alleging violations of his civil rights under 42 U.S.C. §§ 1983, 1985 and 1986. Five days later, the District Court denied IFP status because Wilson "fail[ed] to state a claim on which relief may be granted" under § 1915(e)(2)(B)(ii), and dismissed the complaint, finding it "to be the antithesis of the short and plain statement required by Fed. R. Civ. P. 8(a) and, moreover, to be so incomprehensible . . . that the Court cannot determine what [Wilson] has attempted to plead."[1]

Wilson filed a timely notice of appeal, and then inexplicably filed an identical complaint in the District Court on March 17, 2008, again moving to proceed IFP. One day later, the District Court denied IFP status because Wilson "fail[ed] to state a claim on which relief may be granted," and it dismissed his complaint without prejudice. Wilson appealed, and we affirmed in an unpublished decision. See Wilson v. Murtha, No. 08-2243, 2008 WL 5237255 (3d Cir. Dec. 17, 2008) ("Wilson II"). We turn now to the instant appeal.

As in Wilson II, we first take this opportunity to remind the District Court that IFP determinations are to be made solely on the basis of indigence, without regard to the potential merit of a complaint. See Deutsch v. United States, 67 F.3d 1080, 1084 n.5 (3d

---

[1]The District Court's decision to dismiss without prejudice does not hinder our exercise of jurisdiction. See Deutsch v. United States, 67 F.3d 1080, 1083 (3d Cir. 1995) (dismissals without prejudice pursuant to § 1915 are appealable).

Cir. 1995); Roman v. Jeffes, 904 F.2d 192, 194 n.1 (3d Cir. 1990). In any event, and given that the Wilson's filings are identical to those we found legally insufficient to state a claim in Wilson II, we again conclude that the District Court did not err in finding that Wilson's complaint lacked an arguable basis in law.[2] We are also satisfied that it would have been an exercise in futility for the District Court to have permitted Wilson to amend his complaint. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002).

Accordingly, we will affirm the District Court's order dismissing the complaint for failure to state a claim. In light of our disposition, Wilson's pending motions for default judgment and sanctions are denied.

---

[2]We do not go so far as to characterize Wilson's complaint as "incomprehensible." Though inartful, a little sifting reveals that the complaint advances two claims, which we described in Wilson II as follows: "One claim concerns Murtha's and the VA's alleged failure to acquire for Wilson a certified copy of his Board of Veterans' Appeals ("BVA") decision from August 3, 2004. The other claim accuses Jeffers of conspiring with the VA to have Wilson and his family evicted from their residence in Johnstown, Pennsylvania." 2008 WL 5237255, at *1.